**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| JAZMIN AGUILAR, *et al.*,<br><br>    Plaintiffs,<br><br>VS.<br><br>SPACE EXPLORATION TECHNOLOGIES<br>CORPORATION,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     CIVIL ACTION NO. 1:26-cv-00485 |

## DEFENDANT SPACEX'S MOTION TO DISMISS PLAINTIFFS' CLAIM FOR NONECONOMIC DAMAGES AND MEMORANDUM OF LAW IN SUPPORT

Defendant Space Exploration Technologies Corp. ("SpaceX"), by and through undersigned counsel, respectfully moves to dismiss Plaintiffs' claims for noneconomic damages pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1]

Respectfully Submitted,

*/s/ John T. Cox III*
**John T. Cox III**
*Attorney-in-Charge*
Tx. Bar No. 24003722
S.D. Tex. Bar No. 27251
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, Texas 77002

---

[1] When a defendant files a Rule 12 motion, its "time to answer [i]s tolled under Rule 12(a)(4)" even if the motion does not seek dismissal of all claims. *Banik v. Thompson*, 2017 WL 11713709, at \*2 (S.D. Tex. Dec. 11, 2017). Accordingly, SpaceX intends to file an answer after this motion is decided, and Plaintiffs' counsel have agreed not to seek a default while this motion is pending.

Telephone: 346-718-6604
Facsimile: 346-718-6941
tcox@gibsondunn.com

## <u>TABLE OF CONTENTS</u>

**Page**

I.  STATEMENT OF THE ISSUES ........................................................................ 1

II.  STANDARD OF REVIEW ............................................................................. 1

III.  SUMMARY OF ARGUMENT ......................................................................... 2

IV.  BACKGROUND ........................................................................................... 3

V.  ARGUMENT ................................................................................................ 5

   A.  Texas Law Generally Prohibits Property-Based Noneconomic Damages. ........................ 6

   B.  Plaintiffs Failed To Plead An Exception To The General Prohibition On Property-Based Noneconomic Damages. ................................................................................. 8

     1.  Plaintiffs Do Not Allege Intentional Or Malicious Misconduct. .................................. 8

     2.  Plaintiffs Do Not Allege Anything Else Warranting Noneconomic Damages For Their Property Loss. ................................................................................. 11

VI.  RELIEF SOUGHT ....................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aleman v. Abbott*,
    No. 3:06-CV-2208-B, 2007 WL 9717304 (N.D. Tex. Sept. 11, 2007) ....................................1

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................1

*Associated Builders, Inc. v. Ala. Power Co.*,
    505 F.2d 97 (5th Cir. 1974) .....................................................................................................1

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................................1

*Boyles v. Kerr*,
    855 S.W.2d 593 (Tex. 1993)....................................................................................................6

*Carter v. Target Corp.*,
    541 F. App'x 413 (5th Cir. 2013) ............................................................................................1

*Cavnar v. Quality Control Parking, Inc.*,
    696 S.W.2d 549 (Tex. 1985)..................................................................................................12

*City of Garland v. White*,
    368 S.W.2d 12, 14-15 (Tex. Civ. App.-Eastland 1963)..........................................................9

*City of Tyler v. Likes*,
    962 S.W.2d 489 (Tex. 1997)........................................................................................ *passim*

*Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*,
    130 S.W.3d 181 (Tex. App.-Houston [14th Dist.] 2003) ......................................................10

*Freeman v. City of Pasadena*,
    744 S.W.2d 923 (Tex. 1988)..................................................................................................12

*Hill v. Kimball*,
    76 Tex. 210 (1890)..................................................................................................................11

*Houston Elec. Co. v. Dorsett*,
    194 S.W.2d 546 (1946)...........................................................................................................11

*Matheny v. Glen Falls Ins. Co.*,
    152 F.3d 348 (5th Cir. 1998) ...................................................................................................7

*Petco Animal Supplies, Inc. v. Schuster*,
    144 S.W.3d 554 (Tex. App.-Austin 2004)..................................................................... *passim*

*Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*,
    979 S.W.2d 730 (Tex. App.-Houston 1998)................................................................. *passim*

ii

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1

## I.     STATEMENT OF THE ISSUES

Plaintiffs allege that noise and vibrations from SpaceX's rocket launches damaged their houses, but they do not allege personal injuries, a special relationship with SpaceX, or ill-will, animus, or a desire to harm Plaintiffs personally.  Given these allegations, have Plaintiffs alleged a legally viable basis to support a claim for noneconomic damages?  *See, e.g.*, *City of Tyler v. Likes*, 962 S.W.2d 489, 497 (Tex. 1997) (prohibiting noneconomic damages for property loss); *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 562 (Tex. App.-Austin 2004, no pet.) (same).

## II.     STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6).  Although well-pleaded facts must be viewed in the light most favorable to the plaintiff, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true." *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013) (quoting *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). Further, the complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Court may dismiss individual types of damages claims when they are unsupported by law or pleadings.  *See, e.g.*, *Aleman v. Abbott*, No. 3:06-CV-2208-B, 2007 WL 9717304, at *3 (N.D. Tex. Sept. 11, 2007) (dismissing claim for exemplary damages that are barred by Texas and federal law).

1

### III.    SUMMARY OF ARGUMENT

Plaintiffs allege that the noise and vibrations from SpaceX's rocket launches caused unspecified harm to their houses.  Plaintiffs seek to recover, among other things, economic *and noneconomic* damages.  But in property-damage cases like this, Texas law squarely prohibits the award of noneconomic damages in all but a narrow sliver of cases involving an improper motive to harm the plaintiff personally.  Plaintiffs come nowhere close to satisfying that exception in their Complaint, and nor could they.  Any suggestion that SpaceX launched its rockets with some sort of ill-will, animus, or specific desire to harm Plaintiffs personally is both completely absent from the Complaint and facially absurd.  This Court should dismiss Plaintiffs' claims for property-based noneconomic damages as unrecoverable under Texas law.

Texas law prohibits noneconomic damages for property loss outside of limited circumstances because such damages are "difficult to predict" and "difficult to verify."  *City of Tyler*, 962 S.W.2d at 495.  Texas courts have regularly rejected noneconomic damages for property loss, including where "plaintiffs' mental anguish arose out of legal injuries involving the home and its contents."  *Id.* at 498 (collecting cases).  And every Texas appellate court to consider the issue has rejected noneconomic damages for property loss where, as here, there is no evidence of "some ill-will, animus, or design to harm the plaintiff personally."  *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 757 (Tex. App.-Houston [14th Dist.] 1998, no pet.) (rejecting noneconomic damages); *Petco*, 144 S.W.3d at 562 (same).  Under Texas law, property-based noneconomic damages are not the rule—they are the limited and disfavored exception.

Plaintiffs fail to allege any basis for permitting noneconomic damages for the property loss claims here.  The Texas Supreme Court has made clear that "without intent or malice on the defendant's part, serious bodily injury to the plaintiff, or a special relationship between the two

2

parties, we permit recovery for mental anguish in only a few types of cases involving injuries of such a shocking and disturbing nature that mental anguish is a highly foreseeable result." *City of Tyler*, 962 S.W.2d at 496. None of those factors is present here. Plaintiffs do not allege that SpaceX targeted them or intended to harm them. Compl. ¶¶ 258-263. Instead, they allege that SpaceX "vastly underestimated" and "did not anticipate" the acoustic effects of its rocket testing in this "uncharted" area of "scientific and regulatory" uncertainty. Compl. ¶ 70. That is not a claim for "ill-will, animus, or design" to harm. *Seminole Pipeline*, 979 S.W.2d at 757. It is at most a claim that SpaceX displayed "indifference" to Plaintiffs' rights and "underestimated" the risks involved. Compl. ¶¶ 260, 261. And Plaintiffs do not allege that SpaceX—by unintentionally damaging their properties—caused them bodily harm, violated a special duty, or caused shocking and disturbing harms. Compl. ¶¶ 258-263.

Texas law does not support Plaintiffs' claims for noneconomic damages, and this Court should dismiss those claims with prejudice.

## IV.    BACKGROUND

Plaintiffs' Complaint arises from SpaceX's activities to develop and test Starship, a fully reusable transportation system designed to carry both crew and cargo to Earth orbit, the Moon, Mars, and beyond. *See* Starship, SpaceX, https://www.spacex.com/vehicles/starship (last visited July 9, 2026). The hub of SpaceX's Starship operations is Starbase, Texas. *Id.*; *see also* Compl. ¶ 64.

Plaintiffs are 85 individuals who allege that they own property "in the areas surrounding SpaceX's Starbase launch site" and claim that their homes have been "damaged by noise, vibrations, and sonic booms from SpaceX's Starship operations." Compl. ¶ 2. They allege three causes of action: (1) negligence (*id.* ¶¶ 253-257), (2) gross negligence and exemplary damages (*id.* ¶¶ 258-263), and (3) trespass (*id.* ¶¶ 264-268). Plaintiffs seek both economic and noneconomic

damages arising from alleged structural damage to their homes. *Id.* ¶¶ 94-252.

The theory of liability running through the Complaint is that SpaceX allegedly failed to appreciate the acoustic consequences of its rockets. Plaintiffs allege that SpaceX's Starship operations "rely on decades-old acoustic prediction model theories," that the novel configuration of Starship's engines "confounds these traditional modeling formulas," and that SpaceX "underestimated" the acoustic energy of its Starship launch vehicle. *Id.* ¶¶ 68, 70. This energy—they contend—damaged their homes located miles away. Plaintiffs further allege that SpaceX "publicly acknowledged a scientific and regulatory knowledge deficit" regarding how noise and vibrations from the Starship vehicle could impact the surrounding area, and that SpaceX is "making significant investments in scientific research on blast and acoustics" to close that alleged "gap." *Id.* ¶ 69. By Plaintiffs' own account, SpaceX's Starship was "unprecedented" and "novel," and "Starship's operations are therefore experimental and iterative by nature," with "[e]ach launch generat[ing] new acoustic data for SpaceX and its regulators." *See, e.g.*, *id.* ¶¶ 68-69. But Plaintiffs also allege that (1) the SpaceX operations at issue were conducted within the licensing and oversight of the Federal Aviation Administration, *e.g.*, ¶¶ 70, 74-76, 78, 81-83, and (2) SpaceX had no Starship-specific data but still worked to assess the potential for structural damage using acoustic thresholds and modeling tools drawn from prior rocket programs, *id.* ¶¶ 69, 81-83.

The only purported injury that Plaintiffs allege is property damage to their homes. Specifically, every single Plaintiff pleads the same two allegations verbatim: that their "home was damaged by the SpaceX launches" and that they have "suffered economic and non-economic damages in an amount to be determined at trial." *See generally id.* ¶¶ 94-252. They do not allege any personal injury or any form of harm other than structural damage. *Id.* Nor do they allege the specific type of damage their homes supposedly incurred or what kind of noneconomic damages

4

they allegedly suffered.  *Id.*  But the regulatory materials Plaintiffs quote in the Complaint discuss the possibility of damage to "windows and plaster," which Plaintiffs assert "are the most sensitive parts of a structure to overpressure."  *Id*. ¶ 82 (quoting FAA, Final Programmatic Environmental Assessment for the SpaceX Starship/Super Heavy Launch Vehicle Program at the SpaceX Boca Chica Launch Site in Cameron County, Texas, at 67 (2022), https://www.faa.gov/sites/faa.gov/files/2022-06/PEA_for_SpaceX_Starship_Super_Heavy_at_ Boca_Chica_FINAL.pdf).

Notably absent from the Complaint is any allegation that SpaceX harbored any ill-will towards Plaintiffs or purpose to harm them.  The Complaint does not allege that SpaceX targeted Plaintiffs, directed any conduct at them, or launched its rockets for the purpose of harming them. Plaintiffs' fundamental theory is that acoustic energy from launches conducted for reasons wholly unrelated to Plaintiffs reached their properties as an unintended byproduct of SpaceX's operations.

## V.    ARGUMENT

This Court should dismiss Plaintiffs' claims for noneconomic damages, which lack any foundation in Texas law.  Texas law generally prohibits noneconomic damages for property loss. *See, e.g.*, *City of Tyler*, 962 S.W.2d at 497-500.  And although Texas permits noneconomic damages for property loss in limited circumstances, Plaintiffs do not allege those circumstances here—including because Plaintiffs do not allege that SpaceX acted with "some ill-will, animus, or design to harm the plaintiff[s] personally."  *Seminole Pipeline*, 979 S.W.2d at 757; *see also, e.g.*, *Petco*, 144 S.W.3d at 562 (same).  Every Texas court to consider the issue has rejected noneconomic damages for the type of property loss alleged here.  For these reasons, this Court should dismiss with prejudice Plaintiffs' claims for noneconomic damages predicated on alleged injury to their homes caused by SpaceX's rocket launches.

5

**A.      Texas Law Generally Prohibits Property-Based Noneconomic Damages.**

Texas law strongly disfavors noneconomic damages and as a general rule prohibits noneconomic damages for injury to property. *See, e.g.*, *City of Tyler*, 962 S.W.2d at 497-500 (prohibiting noneconomic damages for property loss—flooded house); *see also, e.g.*, *Petco*, 144 S.W.3d at 562 (same—deceased pet); *Seminole Pipeline*, 979 S.W.2d at 757 (same—property explosion). "Texas does not recognize a general legal duty to avoid negligently inflicting mental anguish." *City of Tyler*, 962 S.W.2d at 494 (citing *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993)). And while "mental anguish is a real and serious harm," for "many breaches of legal duties, even tortious ones, the law affords no right to recover for resulting mental anguish." *Id.*

Instead, Texas law strictly limits the availability of noneconomic damages, permitting such damages only where (1) the defendant acts with "intentional or malicious misconduct," *id.* at 495 (e.g., libel, battery); (2) the defendant causes a "foreseeable" and "serious bodily injury," *id.* at 495-496 (e.g., brain deterioration, miscarriage); (3) the defendant commits a "breach of duty arising out of certain special relationships," *id.* at 496 (e.g., physician-patient relationship, funeral-home body-preparation); or (4) the rare "few types of cases involving injuries of such a shocking and disturbing nature that mental anguish is a highly foreseeable result," *id.* (e.g., wrongful death suit). The claims here—alleging pure property loss from the noise and vibrations caused by rocket launches—"fall[] outside the types of cases in which mental anguish has traditionally been compensable under Texas or prevailing American law." *Id.*

There are good reasons why Texas "courts are not willing to recognize" noneconomic damages outside of the narrow categories recognized by the law. *City of Tyler*, 962 S.W.2d at 494-495. First, while "mental anguish" is "real" and "serious," "it is difficult to predict." *Id.* The existence and degree of emotional distress turn on "variability in human nature"—risking

6

unpredictable liability for defendants and massive windfalls for plaintiffs—so Texas courts often "afford[] no right to recover for resulting mental anguish" for "many breaches of legal duties." *Id*. Second, even where emotional distress is a "foreseeable result of wrongful conduct, its existence is inherently difficult to verify." *Id.* at 495. Because claims of subjective emotional distress are "easily fabricated and difficult to refute," courts restrict emotional distress "for the loss of things." *Seminole Pipeline*, 979 S.W.2d at 755. Third, while "persons may become distraught over the loss of property," the "resolution of such claims can be overly burdensome to the judicial system." *Id.* Courts often "restrict[]" property-based noneconomic damages—and exclude "claims based on mere worry, anxiety, vexation, embarrassment, or anger"—in order to "preserve judicial resources." *Id.* In sum, noneconomic damages are generally not available for "emotional distress caused merely by the loss of things." *City of Tyler*, 962 S.W.2d at 499 (collecting similar authorities from the "overwhelming majority of American jurisdictions") (citation modified).

In applying these principles, Texas courts regularly reject noneconomic damages for property loss, and make clear that Texas law permits property-based noneconomic damages only in limited circumstances not present here. *See, e.g.*, *Seminole Pipeline*, 979 S.W.2d at 753-57; *see also, e.g.*, *Matheny v. Glen Falls Ins. Co.*, 152 F.3d 348, 354 (5th Cir. 1998) (*Erie* analysis turns on state supreme and appellate court decisions). In *City of Tyler*, the Texas Supreme Court held that "damages measured by diminution in value are an adequate and appropriate remedy for negligent harm to real or personal property," and noneconomic damages "based solely on negligent property damage [are] not compensable as a matter of law." *City of Tyler*, 962 S.W.2d at 497 (no noneconomic damages—house flooded). And the Texas Courts of Appeals have similarly affirmed the limits on property-based noneconomic damages—holding that even "grossly negligent property damage can support a claim for mental anguish ***only where there is evidence***

7

*of some ill-will, animus, or desire to harm the plaintiff personally*." *Petco*, 144 S.W.3d at 562 (no noneconomic damages—pet died after escaping groomer) (emphasis added); *Seminole Pipeline*, 979 S.W.2d at 753-57 (no noneconomic damages—explosion caused property damage).

And these decisions are no outliers—courts "have repeatedly denied [noneconomic damages] in cases where, as here, the plaintiffs' mental anguish arose out of legal injuries involving the home and its contents." *City of Tyler*, 962 S.W.2d at 498 (collecting cases).

**B.      Plaintiffs Failed To Plead An Exception To The General Prohibition On Property-Based Noneconomic Damages.**

Plaintiffs allege only pure property loss—alleging that SpaceX's rocket launches caused structural damage to their properties, entitling them to both "economic and non-economic damages." *See, e.g.*, Compl. ¶¶ 2, 4, 62, 74-78, 80-85, 87-88, 91-93.  But noneconomic damages are unavailable as a matter of law for Plaintiffs' allegedly injured property.  As discussed above, Texas law prohibits noneconomic damages for property loss outside of limited circumstances— such as where a defendant acted with "ill-will, animus, or design to harm the plaintiff personally." *Seminole Pipeline*, 979 S.W.2d at 757; *see also, e.g.*, *Petco*, 144 S.W.3d at 562.  Plaintiffs' allegations do not satisfy that standard.  Nor do Plaintiffs' allegations establish any other exception to the prohibition on property-based noneconomic damages.  Structural damage is the kind of harm for which simple repair or diminution damages provide "an adequate and appropriate remedy" and do not require noneconomic damages to be made whole.  *City of Tyler*, 962 S.W.2d at 497.

**1.      Plaintiffs Do Not Allege Intentional Or Malicious Misconduct.**

Plaintiffs do not allege that SpaceX intentionally or maliciously harmed their property. "[E]motional distress is not usually recoverable as an element of property damages unless an improper motive is involved." *Seminole Pipeline*, 979 S.W.2d at 757.  For that reason, Texas courts have held that "where a claim of mental anguish is based solely upon property damage

resulting from gross negligence, recovery is contingent upon evidence of some ***ill-will, animus, or design to harm the plaintiff personally***." *Id.* (emphasis added); *see also Petco*, 144 S.W.3d at 562 (same).

In *Seminole*, for example, plaintiffs alleged that they had "sorrow [] over the destruction of their property" and that defendants were "grossly negligent" in their operations. *Seminole Pipeline*, 979 S.W.2d at 757. But the court held that there was "no evidence to suggest [defendants'] actions were motivated by animus, hostility, malevolence, or ill-will," and "[w]ithout this additional element, the presence of gross negligence alone is not sufficient to support an award for mental anguish arising solely from damage to property." *Id.*

Similarly, in *Petco*, plaintiff alleged that Petco was "gross[ly] negligen[t]" in allowing a pet to escape and run into traffic, where it was killed. *Petco*, 144 S.W.3d at 562. But the court denied noneconomic damages, holding that "the only Texas court to have subsequently addressed the question concluded that grossly negligent property damage can support a claim for mental anguish only where there is evidence of some ill-will, animus, or desire to harm the plaintiff personally." *Id.* The court held that there was nothing in the proof or "pleadings" that alleged "ill-will, animus or desire by Petco to harm her personally" and rejected the plaintiff's claim for noneconomic damages. *Id.* The court contrasted the facts of the case with the facts of *City of Garland v. White*, where emotional distress damages were allowed based on "the intentional, premeditated shooting of a dog." *Id.* (citing *City of Garland v. White*, 368 S.W.2d 12, 14-15 (Tex. Civ. App.-Eastland 1963, writ ref'd n.r.e.)).

The reasoning in *Seminole* and *Petco* applies fully here and bars Plaintiffs' claims for noneconomic damages. Nowhere in the Complaint do Plaintiffs allege that SpaceX acted with ill-will, animus, or a desire to harm Plaintiffs personally. Nor do Plaintiffs allege that SpaceX targeted

9

Plaintiffs. *See, e.g.*, Compl. ¶¶ 94-252. Plaintiffs do not even allege that SpaceX launched its rockets for any reason connected to Plaintiffs. *Id.* Instead, Plaintiffs allege that SpaceX failed to recognize that its rocket launches and tests could cause acoustic effects that would damage surrounding properties—based on unanticipated noise and vibration effects in this area of scientific uncertainty—and "proceeded with conscious ***indifference***" to Plaintiffs. Compl. ¶ 260 (emphasis added); *see also, e.g.*, Compl. ¶¶ 68-69 (SpaceX acknowledged the "scientific and regulatory knowledge deficit" and "lack of data" on acoustic effects), ¶ 70 (SpaceX "did not anticipate" and "vastly underestimated" the acoustic effects), ¶ 71 (SpaceX acted despite "new scientific questions" presented over its acoustic effects), ¶ 81 (SpaceX acted "[d]ue to no data being available yet" and "leverage[d] generic analysis"); *see also, e.g.*, ¶ 262 (SpaceX failed to stop rockets "despite … knowledge" based on later data showing "high likelihood" of property damage from rocket launches).

Plaintiffs fail to allege the improper motive required for noneconomic damages based on property loss because they do not allege a tort perpetrated "against the [property] owner personally," or with "personal animus against the [property] owner." *Seminole Pipeline*, 979 S.W.2d at 756. Allegations of negligence (or gross negligence)—*e.g.*, that SpaceX failed to anticipate the effects of its rocket launches, Compl. ¶ 70—fail to establish ill-intent or animus. *See, e.g.*, *Petco*, 144 S.W.3d at 561-563 (gross negligence insufficient for property-based noneconomic damages); *Seminole Pipeline*, 979 S.W.2d at 757 (same); *see also, e.g.*, *City of Tyler*, 962 S.W.2d at 495-496 (negligence insufficient for property-based noneconomic damages). Similarly, allegations of knowledge or indifference fail to establish an intent to act "against the [property] owner personally," or with "personal animus against the [property] owner." *Seminole Pipeline*, 979 S.W.2d at 756; *see also, e.g.*, *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins.*

10

*Co.*, 130 S.W.3d 181, 197 (Tex. App.-Houston [14th Dist.] 2003) ("as contrasted with 'intentionally,' 'knowingly' is a lower mental state"). Plaintiffs acknowledge that SpaceX took precautionary steps—including operating under federal supervision and implementing testing practices Plaintiffs contend were inadequate—and only quibble with whether SpaceX exercised sufficient care. *See, e.g.*, Compl. ¶¶ 70, 74, 76. But even if SpaceX "conscious[ly] disregard[ed]" Plaintiffs' property interests (SpaceX did not), and "deem[ed] it more expedient" to launch rockets rather than take additional safeguards (SpaceX did not), that would still amount to at most "gross negligence unaccompanied by personal animus against the [property] owner[s]," which is not enough for noneconomic damages. *Seminole Pipeline*, 979 S.W.2d at 756.

In short, Plaintiffs have failed to allege that SpaceX's "actions were motivated by animus, hostility, malevolence, or ill-will," and "[w]ithout this additional element, the presence of gross negligence alone is not sufficient to support an award for mental anguish arising solely from damage to property." *Seminole Pipeline*, 979 S.W.2d at 757.

**2.  Plaintiffs Do Not Allege Anything Else Warranting Noneconomic Damages For Their Property Loss.**

There is no other basis to award noneconomic damages for the property loss alleged here. That is because Plaintiffs have not alleged bodily injury, shocking and disturbing harms, or breach of special duties that warrant noneconomic damages. *See, e.g.*, *City of Tyler*, 962 S.W.2d at 495-496.

***No Bodily Harm.*** Plaintiffs have not alleged "foreseeable" and "serious" bodily injury. *City of Tyler*, 962 S.W.2d at 495-496. Texas courts have permitted noneconomic damages for bodily injury. *See Houston Elec. Co. v. Dorsett*, 194 S.W.2d 546 (1946) (brain deterioration after nearly being struck by bus); *Hill v. Kimball*, 76 Tex. 210 (1890) (miscarriage after witnessing a violent altercation). But Plaintiffs allege only property injury—not personal injury. *See, e.g.*,

11

Compl. ¶¶ 94-252.

***No Breach of Special Duty.*** Plaintiffs have not alleged any breach of duty arising out of a special relationship. Texas courts have permitted noneconomic damages for such breaches—including violation of the "physician-patient relationship," misconduct in "preparing a corpse for burial," or "delivering news of a family emergency." *City of Tyler*, 962 S.W.2d at 496 (collecting cases); *see, e.g.*, *Petco*, 144 S.W.3d at 562 (same). But there is "no suggestion in this case of any special relationship that could impose such a duty on [SpaceX] with respect to [these residential property-owners]." *City of Tyler*, 962 S.W.2d at 496.

***No Shocking or Disturbing Injuries.*** There is no other reason to permit noneconomic damages. Texas courts hold that "without intent or malice on the defendant's part, serious bodily injury to the plaintiff, or a special relationship between the two parties, [they] permit recovery for mental anguish in only a few types of cases involving injuries of such a shocking and disturbing nature that mental anguish is a highly foreseeable result"—such as "suits for wrongful death," *City of Tyler*, 962 S.W.2d at 496 (citing *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 551 (Tex. 1985)), and "actions by bystanders for a close family member's serious injury," *id.* (citing *Freeman v. City of Pasadena*, 744 S.W.2d 923 (Tex. 1988)). But Plaintiffs—who vaguely allege only that their "home[s] [were] damaged," Compl. ¶¶ 94-252—have not alleged "any of the injuries that [Texas courts] ha[ve] recognized as giving rise to mental anguish damages based on their shocking and disturbing nature." *City of Tyler*, 962 S.W.2d at 496.

## VI.    RELIEF SOUGHT

For the foregoing reasons, SpaceX respectfully requests that the Court dismiss with prejudice Plaintiffs' request for noneconomic damages for failure to state a claim.

12

Dated: July 10, 2026                          GIBSON, DUNN & CRUTCHER LLP


                                              /s/ *John T. Cox III*
                                              John T. Cox III
                                              *Attorney-in-Charge*
                                              Tx. Bar No. 24003722
                                              S.D. Tex. Bar No. 27251
                                              GIBSON, DUNN & CRUTCHER LLP
                                              811 Main Street, Suite 3000
                                              Houston, Texas 77002
                                              Telephone: 346-718-6604
                                              Facsimile: 346-718-6941
                                              tcox@gibsondunn.com

                                              Elizabeth K. McCloskey
                                              (*pro hac vice forthcoming*)
                                              One Embarcadero Center,
                                              Suite 2600
                                              San Francisco, CA 94111-3715
                                              Telephone: (415) 393-8200
                                              Facsimile: (415) 393-8306
                                              emccloskey@gibsondunn.com

                                              Joseph D. Edmonds
                                              (*pro hac vice forthcoming*)
                                              3161 Michelson Drive
                                              Suite 1200
                                              Irvine, CA 92612-4412
                                              Telephone: (949) 451-3805
                                              jedmonds@gibsondunn.com

                                              Michael Rodriguez
                                              Tx. Bar No. 00791553
                                              S.D. Tex. Bar No. . 18759
                                              Baltazar Salazar
                                              Tx. Bar No. 24106385
                                              S.D. Tex. Bar No. 3135288
                                              ATLAS HALL RODRIGUEZ
                                              818 W Pecan Blvd
                                              McAllen, TX 78501
                                              Telephone: (956) 574-9333
                                              mrodriguez@atlashall.com
                                              ssalazar@atlashall.com
                                              *Counsel for Space Exploration Technologies
                                              Corp.*

13

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2026, I caused a copy of the foregoing to be served on all counsel of record via the Court's electronic filing (e-service) system.

/s/ John T. Cox III
John T. Cox III

14