UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAZMIN AGUILAR, et al., | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 1:26-cv-00485 |
| | § | |
| SPACE EXPLORATION | § | |
| TECHNOLOGIES, CORPORATION, | § | |
| *Defendant.* | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT SPACEX'S
MOTION TO DISMISS PLAINITFFS' CLAIM FOR
NONECONOMIC DAMAGES**

SpaceX has sought dismissal of only a specific element of Plaintiffs' damages – their claim to recover noneconomic damages. [ECF No. 13 at 12]. SpaceX predicates that motion upon an argument that Plaintiffs have failed to allege that the conduct giving rise to their substantive claims was intentional or malicious. [Id.]. Within the time permitted by Rule 15(a)(1)(B), Plaintiffs have amended their Original Complaint. [ECF No. 23]. That amendment is aimed specifically at responding to the very argument that SpaceX makes in its motion. The First Amended Complaint necessarily supersedes the Original Complaint; because the motion to dismiss seeks relief as to a claim (the recovery of noneconomic damages for non-intentional conduct) that has been expressly superseded (by allegations that the noneconomic damages are the result of intentional conduct), the motion to dismiss is moot and should be denied accordingly. In any event, the First Amended Complaint states a plausible claim for Plaintiffs to recover noneconomic damages. Even on the merits, dismissal of that claim is improper; the motion should be denied in all things.

# I.
# STATEMENT OF THE ISSUES

SpaceX seeks dismissal of Plaintiffs' claims for noneconomic damages because the Original Complaint failed to allege that those damages were caused by intentional or malicious conduct. [ECF No. 13 at 9-11]. Plaintiffs have timely amended their complaint to make allegations that respond directly to the very basis for SpaceX's motion to dismiss. The amended complaint supersedes the original complaint; SpaceX has not moved to dismiss any portion of the First Amended Complaint. Where a plaintiff has timely filed an amended complaint of right and superseded the original complaint, a motion to dismiss may be denied as moot. *See Arismendez v. Coastal Bend Coll.*, No. 2:19-CV-312, 2020 WL 977231, at *3 (S.D. Tex. Feb. 27, 2020). In light of those circumstances, is the motion to dismiss moot?

# II.
# THE FIRST AMENDED COMPLAINT MOOTS
# SPACEX'S MOTION

## A.    **Plaintiffs Timely Amended their Complaint**

A plaintiff is permitted to amend its pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." *See* Fed. R. Civ. P. 15(a)(1)(B). SpaceX filed its motion to dismiss pursuant to Rule 12(b) on July 10, 2026. [ECF No. 13 at 1]. It expressly noted that it has not yet filed an answer in this matter, [ECF No. 13 at 1, n.1], and the Court's docket in this cause confirms that. As such, Rule 15(a)(1)(B)'s 21-day deadline runs from July 10, 2026; that deadline, accordingly, is July 31, 2026. On July 29, 2026, Plaintiffs timely filed their First Amended Complaint. [ECF No. 23].

2

An amended pleading, of course, "supersedes the original complaint and renders it of no legal effect." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Where the amended complaint has the effect of superseding the original, a motion to dismiss filed before the new, operative complaint may be denied as moot. *See Arismendez*, 2020 WL 977231, at *3 (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)); *see also, e.g., Ragar Transp. Ltd. v. Lear Corp.*, No. 5:17-CV-52, 2017 WL 11684679, at *3 (S.D. Tex. Aug. 4, 2017) (plaintiff's amendment of original complaint, filed while motions to dismiss the original complaint were pending, rendered motions to dismiss moot because they "in essence, ask[ed] the Court to dismiss an inoperative complaint"); *Timberlake v. Synthes Spine, Inc.,* Civ. A. No. V-08-4, 2010 WL 743927, at *4 (S.D. Tex. Feb. 25, 2010) ("Because the currently pending motion to dismiss addresses only the claims in Plaintiffs' Fourth Amended Original Complaint, the Court [denies] the Spine Defendants' Motion to Dismiss . . . as moot."); *Maxim Integrated Products, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. SA-14-CV-1030-XR, 2015 WL 10990119, at *1 (W.D. Tex. Feb. 12, 2015) ("given the substantive changes in the amended complaint, new causes of action, and more specific facts . . . that may go to the heart of the motion to dismiss," the motion was rendered moot); *accord Merritt v. Fogel*, 349 Fed. Appx. 742, 745 (3d Cir. 2009); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

So it is here. Plaintiffs have timely amended their complaint without adopting their Original Complaint or incorporating it by reference within that amended pleading. The First Amended Complaint wholly displaces the Original Complaint.

SpaceX has moved only to dismiss a portion of the Original Complaint [ECF No. 13] and the portion of that pleading attacked by the motion is no longer operative in this cause. As such, the motion to dismiss should be denied as moot.

**B.    The Timely Amendment of the Complaint to Address the Very Arguments Made by the Motion to Dismiss Moots that Motion**

Denial of the motion as moot is particularly warranted here because the changes made by Plaintiffs in their First Amended Complaint directly address the arguments SpaceX makes in its motion.

Specifically, SpaceX argues that the Original Complaint lacked allegations that SpaceX acted intentionally or maliciously in its activities. [ECF No. 13 at 9-11]. But the First Amended Complaint expressly cures that alleged deficiency. [ECF No. 23 at 31-32, 59-60, ¶¶ 95-97, 272-275].

In that amended pleading, Plaintiffs have alleged expressly that SpaceX retained a commercial real estate firm to appraise the fair market value of properties in Boca Chica Village "because it knew its Starship launches were going to cause property damage" to Plaintiffs' homes. [ECF No. 23 at 31, ¶ 95]. Plaintiffs have identified the area involved in that study as encompassing Plaintiffs' homes and properties. [ECF No. 23 at 32, ¶ 97]. As Plaintiffs explain, SpaceX knew there would be property damage to Plaintiffs' homes and "wanted to know . . . how much damage and how much the property damage was going to cost." [ECF No. 23 at 31, ¶ 95]. Indeed, it sent buyout letters explaining that it was clear its activities would "make it increasingly more challenging to minimize disruptions to residents." [Id.]. Such letters manifest "explicit knowledge of increasing risk and the likelihood of property

4

damage" to Plaintiffs and their neighbors. [Id.]. That is, SpaceX knew that its activities would cause harm to Plaintiffs' homes and properties specifically, but it intentionally proceeded with activities intended to cause substantial injury to Plaintiffs and their homes. [ECF No. 23 at 32, ¶ 97].

Those factual allegations coalesce in Plaintiffs' revised claim for trespass, which contends that "SpaceX was aware of the likelihood that severe rocket-generated acoustic energy would enter Plaintiffs' properties" specifically. [ECF No. 23 at 59, ¶ 272]. Despite that knowledge of the risk posed to Plaintiffs' properties, SpaceX "intentionally and willfully opted to proceed . . . with a clear understanding that such a course of action" would harm Plaintiffs' properties specifically. [Id. at 59-60, ¶ 272]. And Plaintiffs allege that their injuries, including their "non-economic damages for mental anguish caused by the severe and repeated acoustic trauma inflicted upon their homes," was a "direct and proximate result of SpaceX's intentional, deliberate, and voluntary trespass." [ECF No. 23 at 60, ¶ 275].

**C.      Because the First Amended Complaint Directly Resolves the Basis for Dismissal Urged by SpaceX, the Motion to Dismiss the Original Complaint is Moot**

SpaceX's motion to dismiss is based upon the purported insufficiency of allegations that are no longer set forth in Plaintiffs' operative pleading. [ECF No. 13 at 12]. It admits that its argument rises and falls with the presence *vel non* of a claim that Plaintiffs' noneconomic damages were intentionally caused. Such an allegation is now included in the operative complaint and is part of this cause. Thus, SpaceX

presently seeks dismissal of a claim that is no longer alleged in this cause. Accordingly, the motion to dismiss is moot and should accordingly be denied.

### III.
### EVEN IF THE AMENDMENT DOES NOT MOOT THE MOTION, IT PLAUSIBLY STATES A VIABLE CLAIM FOR NONECONOMIC DAMAGES

The motion to dismiss has been mooted by the First Amended Complaint. In the event, however, that the Court might conclude that there is some basis upon which the motion to dismiss remains justiciable despite the amendment, the motion should be denied on the merits.

**A.     Plaintiffs are Required Only to Plausibly State a Claim Upon Which Relief can be Granted**

A claimant's basic pleading burden is set out in Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 9 further provides that allegations of "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A motion attacking a pleading under Rule 12(b)(6) asks if the factual allegations state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In resolving a motion under Rule 12(b)(6), the Court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiffs." *Gonzalez*, 577 F.3d at 603.

**B.      The First Amended Complaint Satisfies the Plausibility Requirement**

While Texas law does limit the recovery of noneconomic damages in many instances if the claimant has not been physically injured, it is abundantly clear that there are "categories of cases in which the problems of foreseeability and genuineness are sufficiently mitigated that the law should allow recovery for anguish." *City of Tyler v. Likes*, 962 S.W.2d 489, 495 (Tex. 1997). Chief among those categories for present purposes is the allowance of noneconomic damages where the defendant's tort involves intentional or malicious conduct; that exception is specifically predicated upon the "high level of culpability" by the Defendant, which "affects the determination of proximate cause," and "makes it just that the defendant should bear the risk of any overcompensation that an award of mental anguish damages in a particular case might entail." *Id.* As Texas courts recognize, "intentional injury to property will support a claim of mental anguish where simple negligence will not," explaining that "when there is an intentional interference with property interests," it can be "inferred that the defendant intended to harm the plaintiff." *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 756 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  Gross negligence will suffice in some instances, too.  *Id.*

As shown above, Plaintiffs have now expressly alleged that the damage to their homes was caused by the intentional conduct of SpaceX, which knew through its independently commissioned study that its launch activities at the Boca Chica complex would inexorably cause significant damage to homes specifically in the area where Plaintiffs live. [ECF No. 23 at 31-32, ¶¶ 95, 97]. The clear and unavoidable

import of that knowledge is that SpaceX was absolutely aware that these claimants and others would inevitably suffer damage to their property, but continued with the Boca Chica launch activity anyway. And Plaintiffs have now alleged that expressly, asserting that the invasion of and damage to their homes and properties was an intentional and willful election by SpaceX to proceed with its repeated trespasses that it knew would specifically harm these Plaintiffs. [ECF No. 23 at 59-60, ¶¶ 272-275].

By alleging that SpaceX continued with those activities despite the knowledge that damage to these particular Plaintiffs (among others) would likely result, the First Amended Complaint more than sufficiently identifies intentional and grossly negligent (and perhaps malicious) conduct directed toward them by SpaceX. *See Seminole Pipeline*, 979 S.W.2d at 749 (defining gross negligence as occurring when a defendant's conscious indifference to a risk subjects a plaintiff to a *likelihood* of serious injury); *see also, e.g.,* TEX. CIV. PRAC. & REM. CODE § 41.001(7) (defining "malice" to mean "a specific intent by the defendant to cause substantial injury or harm to the claimant."). By alleging that their property damage was the result of SpaceX's intentional conduct, that SpaceX knew that the continuation of those intentional activities would cause substantial damage to these Plaintiffs' homes and properties, and that SpaceX intended to cause the damage that forms the basis for the claims made in this litigation, Plaintiffs have more than sufficiently asserted facially plausible claims to recover noneconomic damages under controlling Texas law. Plaintiffs' "non-economic damages for mental anguish" were "caused by the severe and repeated acoustic trauma inflicted upon their homes" as "a direct and

8

proximate result of SpaceX's gross negligence" [ECF No. 23 at 59, ¶ 268] and a "direct and proximate result of SpaceX's intentional, deliberate, and voluntary trespass" [ECF No. 23 at 60, ¶ 275]. That is all that Rule 12(b)(6) requires. *See generally Twombly*, 550 U.S. at 570.

As such, to the extent the Court elects to resolve the present motion on the merits, despite the intervening filing of the First Amended Complaint, the motion should still be denied.

## CONCLUSION

For the foregoing reasons, Defendant SpaceX's Motion to Dismiss Plaintiffs' Claims for Noneconomic Damages [ECF No. 13] is moot and should be denied in its totality on that basis. But even if the Court elects to consider the merits of the motion, the allegations in the First Amended Complaint are sufficient to state a plausible claim for noneconomic damages and the motion can be denied on that basis as well.

Plaintiffs, therefore, respectfully request that the motion be denied in all things.[1] Plaintiffs also respectfully request such other and further relief, at law or in equity, to which they may be entitled.

---

[1] To the extent the Court may consider the merits of the motion and nevertheless find some insufficiency in the First Amended Complaint, despite the foregoing, Plaintiffs respectfully request the opportunity to further amend their pleading to cure any such defects. *See generally Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("our cases support the premise that 'granting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim."); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.").

Dated: July 31, 2026

**MARTINEZ & TIJERINA P.L.L.C**

/s/ *Benigno Martinez*
Benigno (Trey) Martinez (D. Tex. 23945)
1201 E. Van Buren
Brownsville, Texas 78520
Telephone: (956) 550-4868
State Bar No. 00797011
trey@mbmtlawfirm.com

Richard M. Paul III (*pro hac vice*
forthcoming)
Ashlea G. Schwarz (admitted *pro hac*)
Laurence O'Donnell (*pro hac vice*
forthcoming)
**PAUL LLP**
601 Broadway Boulevard, Suite 600
Kansas City, Missouri 64105
Telephone: (816) 984-8100
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laurence@PaulLLP.com

Respectfully submitted,

**GUERRA LLP**

/s/ *Francisco Guerra IV*
Francisco "Frank" Guerra IV (Tex. Bar No.
00796684)
Jennifer A. Neal (Tex. Bar No. 2408934)
Bailey E. VanNatta (Tex. Bar No. 24119113)
875 E. Ashby Place, Suite 1200
San Antonio, Texas 78212
Telephone: (210) 447-0500
fguerra@guerrallp.com
jneal@guerrallp.com
bvannatta@guerrallp.com

Cristobal M. Galindo (Tex. Bar No. 24026128)
**Cristobal M. Galindo, PC**
4151 Southeast Freeway #602
Houston, Texas 77027
cmg@galindolaw.com

## ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of July 2026, a true and correct copy of the foregoing document was filed and sent to all counsel of record by the use of the CM/ECF notice of electronic filing system.

*/s/ Francisco Guerra, IV.*
Francisco Guerra, IV.

10