**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

JAZMIN AGUILAR, *et al.*,

  Plaintiffs,

VS.

SPACE EXPLORATION TECHNOLOGIES
CORPORATION,

  Defendant.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 1:26-cv-00485

**DEFENDANT SPACEX'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFFS' CLAIM FOR NONECONOMIC DAMAGES**

Defendant Space Exploration Technologies Corp. ("SpaceX") respectfully requests that in deciding SpaceX's Motion to Dismiss Plaintiffs' Claim for Noneconomic Damages, the Court take judicial notice of, and consider the contents of, Exhibits 1-2 to the concurrently filed Declaration of Elizabeth McCloskey.

The Court should take judicial notice of Exhibits 1-2 described below because each Exhibit may be properly considered by the Court, and each provides the Court with important context to assess Plaintiffs' request for noneconomic damages in light of SpaceX's Motion. "When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as … matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S 308, 332 (2007)) (citations omitted). A fact is judicially noticeable whenever it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Both Exhibits referenced in SpaceX's Motion are proper subjects of judicial notice under Federal Rule of Evidence 201 because they relate to facts "not subject to reasonable dispute" and "generally known" within this Court's jurisdiction—in particular, facts related to the geographical locations of various places identified in Plaintiffs' First Amended Complaint. The Fifth Circuit "has on several occasions taken judicial notice, or approved a trial court's taking judicial notice of geographical locations and boundaries." *Gov't of Canal Zone v. Burjan*, 596 F.2d 690, 694 (5th Cir. 1979) (collecting cases). "And while there exists no comprehensive authoritative list of the types of sources 'whose accuracy cannot reasonably be questioned'" on this issue, "official

1

government maps have long been held proper subjects of judicial notice." *Id.* Similarly, courts within this Circuit routinely take judicial notice of locations and the distance between them. *See, e.g.*, *In re TikTok, Inc.*, 85 F.4th 352, 357 (5th Cir. 2023) (taking judicial notice of distance between an individual's address and the federal courthouse); *Rios v. Perez*, 777 F. Supp. 3d 727, 756, n.7 (W.D. Tex. 2025) ("the Court takes judicial notice of these two locations and the distance between them"); *Marathon Oil Co. v. Koch Energy Servs., LLC*, No. CV H-21-1262, 2025 WL 950085, at *1 (S.D. Tex. Mar. 28, 2025) (noting "courts have treated Google Maps as a reliable tool for measuring distances"); *Bourg v. BT Operating Co.*, No. CIV. H-08-0596, 2009 WL 960011, at *4 (S.D. Tex. Apr. 8, 2009) (taking judicial notice of geographic location of island based on U.S. Department of Interior map).

Exhibit 1 is a true and correct copy of a news article reporting the outcome of a local vote establishing the City of Starbase. The location of Starbase, and that it encompasses the previous Boca Chica Village, is a geographic fact generally known within the Court's jurisdiction and is thus judicially noticeable under the authorities cited above. *See supra* pp. 1-2; *see also Esquivel v. Fudge*, No. 3:22-CV-0556-L, 2023 WL 5658338, at *7 (N.D. Tex. Aug. 31, 2023) (courts may take judicial notice of coverage and existence of news articles and the fact that public is aware of information contained in them). The results of the vote to incorporate the City of Starbase are also publicly available on the Cameron County website. *See* Summary Results Report, Cameron Special and General Election at 2 (May 3, 2025), https://www.cameroncountytx.gov/elections/wp-content/uploads/2025/05/Results-May-3-2025-FINAL.pdf (reporting 97.25% votes cast in favor); *Garcia v. San Benito Consol. Indep. Sch. Dist.*, No. 1:21-CV-20, 2022 WL 19830659, at *2 & n.5 (S.D. Tex. Nov. 14, 2022), *report and recommendation adopted*, No. 1:21-CV-020, 2023 WL 2987563 (S.D. Tex. Apr. 18, 2023) (taking judicial notice of election and results).

Exhibit 2 is a true and correct copy of a map reflecting the geographic location of Plaintiffs' alleged properties relative to the location of Starbase and the Starship launchpads. McCloskey Decl. ¶¶ 3-7. Although the map is a demonstrative aid, it was prepared on a map produced by the United States Geological Survey, and using the addresses Plaintiffs allege in the First Amended Complaint. *Id.* ¶¶ 3-5. It therefore falls within the scope of Rule 201 and the Court should take judicial notice of it.

For the foregoing reasons, SpaceX respectfully requests that the Court take judicial notice of and consider the contents of Exhibits 1-2 to the McCloskey Declaration.

3

Dated: August 12, 2026

GIBSON, DUNN & CRUTCHER LLP


*/s/ John T. Cox III*
John T. Cox III
*Attorney-in-Charge*
Tx. Bar No. 24003722
S.D. Tex. Bar No. 27251
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, Texas 77002
Telephone: 346-718-6604
Facsimile: 346-718-6941
tcox@gibsondunn.com

Elizabeth K. McCloskey
(admitted *pro hac vice*)
One Embarcadero Center,
Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
emccloskey@gibsondunn.com

Joseph D. Edmonds
(admitted *pro hac vice*)
3161 Michelson Drive
Suite 1200
Irvine, CA 92612-4412
Telephone: (949) 451-3805
jedmonds@gibsondunn.com

Michael Rodriguez
Tx. Bar No. 00791553
S.D. Tex. Bar No. 18759
Baltazar Salazar
Tx. Bar No. 24106385
S.D. Tex. Bar No. 3135288
ATLAS HALL RODRIGUEZ
818 W Pecan Blvd
McAllen, TX 78501
Telephone: (956) 574-9333
mrodriguez@atlashall.com
ssalazar@atlashall.com
*Counsel for Space Exploration Technologies Corp*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2026, I caused a copy of the foregoing to be served on all counsel of record via the Court's electronic filing (e-service) system.

*/s/ John T. Cox III*
John T. Cox III