**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JAZMIN AGUILAR, et al., | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 1:26-cv-00485 |
| | § | |
| VS. | § | Hon. Fernando Rodriguez, Jr. |
| | § | |
| SPACE EXPLORATION TECHNOLOGIES CORP., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPACEX'S MOTION FOR PROTECTIVE ORDER**

## PRELIMINARY STATEMENT

In the Joint Discovery/Case Management Plan, SpaceX requested a phased schedule in which a verified questionnaire process would occur before merits discovery proceeds. Under SpaceX's proposal, discovery would be stayed during the questionnaire process, including formal written discovery and depositions on either side. That request, as well as a scheduling order, is pending with the Court. Despite SpaceX's request, and despite agreeing in principle with a questionnaire process, Plaintiffs served 16 interrogatories and 55 requests for production on July 24, 2026, with responses currently due October 22, 2026. SpaceX requests that the Court enter a protective order staying SpaceX's deadline to respond to preserve the status quo until the Court has had an opportunity to issue a scheduling order resolving the case management issues SpaceX has raised.

## STATEMENT OF THE ISSUE TO BE DECIDED

Should the Court enter a protective order staying SpaceX's deadline to respond to Plaintiffs' July 24, 2026, written discovery pending its ruling on SpaceX's request for a stay, as set forth in the Joint Discovery/Case Management Plan (Dkt. 24)?

## NATURE AND STAGE OF THE PROCEEDING

This is a mass tort action brought by eighty property owners who allege that acoustic energy from SpaceX's Starship launch operations at its Starbase facility in Boca Chica, Texas, damaged their properties and caused emotional distress. FAC ¶¶ 1-2, 4. Plaintiffs assert causes of action for negligence, gross negligence and exemplary damages, and trespass. *See* FAC ¶¶ 257-275.

On July 10, 2026, SpaceX filed a Motion to Dismiss Plaintiffs' Noneconomic Damages Claim. Dkt. 13. On July 17, 2026, the parties held their Rule 26(f) conference, during which SpaceX informed Plaintiffs that it would be requesting a stay of discovery during a questionnaire process. On July 24, 2026, before the Court entered a scheduling order or ruled on any discovery disputes, Plaintiffs served 16 interrogatories and 55 requests for production on SpaceX. McCloskey Decl., Ex. A (Interrogatories), Ex. B (Requests for Production). Five days later, on July 29, 2026, the parties filed the Joint Discovery/Case Management Plan. Dkt. 24. In that filing, SpaceX requested that the Court stay all discovery during an initial questionnaire process, enter a *Lone Pine* order, and adopt a phased discovery structure. Plaintiffs filed a First Amended Complaint ("FAC") on the same date. Dkt. 23. On August 6, 2026, the Court denied SpaceX's original Motion to Dismiss as moot in light of the FAC, and SpaceX filed a new Motion to Dismiss Plaintiffs' Claim for Noneconomic Damages on August 12, 2026. Dkt. 29. No scheduling order has been entered, and the Court has not yet ruled on SpaceX's request for a discovery stay or *Lone Pine* order.

**ARGUMENT**

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court to issue a protective order "for good cause" to protect a party from "undue burden or expense." *Lone Pine* orders, which require mass tort plaintiffs to make a threshold showing before subjecting defendants to broad discovery, are a well-established exercise of this authority. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (*Lone Pine* orders "are designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation").[1] Good cause exists where a pending request may dispose of claims or substantially narrow discovery's scope. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). Courts consider the strength of the pending request, the breadth and burden of the discovery sought, and any prejudice to the nonmoving party. *See Von Drake v. Nat'l. Broad. Co.*, No. 3-04-cv-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). Each factor favors a stay here.

---

[1] *See also Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 604 & n.2 (5th Cir. 2006) ("*Lone Pine* orders [are] pre-discovery orders designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation by requiring plaintiffs to produce some evidence to support a credible claim."); *Matter of AET Inc. Ltd.*, No. 1:10-CV-51, 2018 WL 4203351, at *1 (E.D. Tex. Feb. 13, 2018) ("[A]fter considering the unusual and complex nature of the case and the unprecedented number of claimants involved, [the court] issued … a *Lone Pine* order [,] requir[ing] claimants alleging personal injuries and/or property damage to submit an expert affidavit linking the cause of their alleged injuries to the event in question before proceeding further in the litigation."); *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 744-45 (E.D. La. 2008), *aff'd*, 388 F. App'x 391 (5th Cir. 2010) ("The United States Court of Appeals for the Fifth Circuit has recognized the value of and approved the use of *Lone Pine* orders in mass tort litigation … [I]t is not too much to ask a Plaintiff to provide some kind of evidence to support their claim that [the defendant] caused them personal injury[.]"); *In re Oil Spill by the Oil Rig "Deepwater Horizon,"* No. MDL 2179, 2016 WL 614690, at *5 (E.D. La. Feb. 16, 2016) (instructing parties to develop a *Lone Pine* style protocol "whereby [claimants] would be required to provide basic evidence to support their claims, ultimately permitting the Court to rule on the [d]efendants' pending summary judgment motions.").

### A. SpaceX's Pending Request for a *Lone Pine* Order and Discovery Stay Warrants a Protective Order Preserving the Status Quo.

In the Joint Plan, SpaceX asked the Court to require each Plaintiff to serve verified questionnaire responses providing the individualized factual foundation for his or her claim: the specific property damage and noneconomic damages alleged, the dates each injury occurred, when the Plaintiff first became aware of Starbase launches, insurance claims and payments, and supporting documentation such as photographs and repair invoices. Dkt. 24 at 4-5. All other discovery would be stayed during this process. *Id.* at 7-8. As SpaceX explained, "[r]equiring the Parties to plunge immediately into full, simultaneous discovery as to all [80] Plaintiffs would therefore impose enormous, and potentially wasted, burdens before the Parties or the Court can determine which claims, if any, are even remotely viable." *Id.* at 10.

SpaceX proposed a three-phase structure to make this litigation manageable: (1) an initial verified questionnaire process, during which all discovery is stayed; (2) a motions period to address deficiencies and dispositive issues brought to light by the questionnaire responses; and (3) a nonbinding bellwether process focusing individualized discovery on a subset of Plaintiffs. *Id.* at 11. As SpaceX noted, "Plaintiffs' service of written discovery on July 24, before this Court entered a scheduling order, is premature." *Id.* at 7.

Allowing full merits discovery to proceed while a *Lone Pine* request is pending puts the cart before the horse. It imposes the very burdens the questionnaire process is designed to defer and risks rendering the *Lone Pine* order meaningless by the time the Court rules. The Rule 26(f) process exists so that the parties can present their competing positions on case management and discovery to the Court for resolution. That process is undermined when one side ignores the other's positions and presses forward with discovery while the Court is still considering the best path forward.

A *Lone Pine* process is particularly warranted here. The FAC pleads every Plaintiff's claim in identical, formulaic terms without identifying what damage each individual allegedly sustained, when it occurred, or how it relates to any particular launch. *See* FAC ¶¶ 98-256. The pleading reveals fundamental threshold defects, including the implausibility of identical damage claims from Plaintiffs at widely varying distances from Starbase, inconsistency with the acoustic thresholds Plaintiffs themselves cite, and statute-of-limitations bars for claims based on the earliest launches. Dkt. 24 at 11-12; *see also* Dkt. 29 (demonstrative showing Plaintiffs' properties location relative to the launch site). These are the types of defects a *Lone Pine* order is designed to surface before the parties incur the costs of merits discovery. *Acuna*, 200 F.3d at 338.

SpaceX's pending Motion to Dismiss Plaintiffs' Claim for Noneconomic Damages (Dkt. 29) provides an additional, independent reason to enter a protective order. That motion demonstrates that Texas law prohibits noneconomic damages for property loss absent narrow exceptions not present here. *See* Dkt. 29 at 7-9. If the Court grants the motion, it will substantially narrow discovery by eliminating the need to depose each Plaintiff on emotional distress, obtain mental health treatment records, and retain noneconomic damages experts. The prudent course is to resolve the threshold question of what claims and damages remain in the case, before either side incurs needless discovery costs.

### B. Plaintiffs' Discovery Requests Are Broad and Burdensome, and Proceeding Now Would Waste Judicial and Party Resources.

The scope of Plaintiffs' premature discovery requests confirms the need for a threshold vetting process before merits discovery begins. Plaintiffs' interrogatories and production requests,

covering a relevant period of over eight years, demand a sweeping universe of documents and information.[2]

As an initial matter, the statute of limitations for property damage claims is two years, Tex. Civ. Prac. & Rem. Code § 16.003, but Plaintiffs seek discovery dating back over eight years prior. A questionnaire process aimed at weeding out untimely claims would eliminate the unnecessary burden of Plaintiffs' overbroad requests. *See* Dkt. 24 at 12.

Moreover, the highly burdensome nature of Plaintiffs' discovery requests counsels in favor of a protective order while the Court considers SpaceX's request for a *Lone Pine* process. The interrogatories seek identification of all SpaceX personnel involved in Starship operations, every predictive acoustic computer model, the details of every third-party property damage claim, detailed acoustic measurement data at each Plaintiff's property, and all engineering reports and FAA communications concerning acoustic modeling limitations. McCloskey Decl., Ex. A (Interrogatory Nos. 2, 3, 6, 7, 8, 9, 13). The production requests go further, demanding SpaceX's IPO preparation documents, all communications with federal and state regulatory agencies, board of directors meeting minutes, personnel files, insurance underwriting evaluations, noise assessment drafts, public relations and lobbying firm communications, investor communications regarding acoustic liability, and SpaceX's revenues, profits, and financial projections. *Id.*, Ex. B (Request for Production Nos. 4, 6, 17, 19, 21, 31, 47, 48, 49, 51). Responding to these requests as drafted would require document collection from numerous custodians across SpaceX's organization and review of thousands of documents. Many of the requested documents and information also implicate SpaceX's obligations under its federal government contracts, and

---

[2] SpaceX expressly preserves all objections to Plaintiffs' discovery requests, including objections based on relevance, proportionality, privilege, overbreadth, and undue burden, and reserves the right to seek further protective relief as warranted.

producing them will require SpaceX to obtain government approval before disclosure, a process that is independently time-consuming and burdensome.

Full discovery would also require deposing all 80 Plaintiffs, conducting individualized home inspections and obtaining mental health records for each Plaintiff. If noneconomic damages are dismissed, much of this work will prove unnecessary. *See Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010).

**C. A Stay Will Not Prejudice Plaintiffs and Will Conserve Resources.**

A stay will not prejudice Plaintiffs. This case is at an early stage. No scheduling order has been entered, and SpaceX's requests for a *Lone Pine* order, phased discovery, and a discovery stay, as well as its Motion to Dismiss (Dkt. 29), are all pending. Plaintiffs are not seeking any preliminary or expedited relief that would be hampered by a stay, and discovery was not necessary to respond to SpaceX's Motion to Dismiss, which raises purely legal issues based on the pleadings. *See McPeters v. LexisNexis*, No. 4-11-cv-02056, 2011 WL 13253446, at *1 (S.D. Tex. Oct. 5, 2011) (Ellison, J.).

The information the Plaintiff questionnaire would require is entirely within Plaintiffs' possession: each Plaintiff's address, the specific damage claimed, the dates of the alleged injury, insurance claims, and supporting photographs and repair invoices. *See Acuna*, 200 F.3d at 340 ("The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed.R.Civ.P. 11(b)(3)."). Plaintiffs do not need discovery from SpaceX to provide any of it. A stay imposes no prejudice and simply requires Plaintiffs to furnish basic facts about their own claims before SpaceX is subjected to the burden and expense of broad merits discovery. Nor can Plaintiffs claim that their initial disclosures substitute for the threshold showing a *Lone Pine* questionnaire would require. In fact, although

Rule 26(a)(1)(A)(iii) requires each party to provide "a computation of each category of damages claimed," Plaintiffs' disclosures do not even include any such computation.

## CONCLUSION

For the foregoing reasons, SpaceX respectfully requests that the Court enter a protective order staying all discovery in this action pending the Court's ruling on SpaceX's request for a *Lone Pine* order and discovery stay (Dkt. 24) and SpaceX's Motion to Dismiss (Dkt. 29).

Dated: October 22, 2026

GIBSON, DUNN & CRUTCHER LLP

/s/ John T. Cox III
John T. Cox III
Attorney-in-Charge
Tx. Bar No. 24003722
S.D. Tex. Bar No. 27251
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, Texas 77002
Telephone: 346-718-6604
Facsimile: 346-718-6941
tcox@gibsondunn.com

Elizabeth K. McCloskey
(admitted pro hac vice)
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
emccloskey@gibsondunn.com

Joseph D. Edmonds
(admitted pro hac vice)
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
Telephone: (949) 451-3805
jedmonds@gibsondunn.com

Michael Rodriguez
Tx. Bar No. 00791553
S.D. Tex. Bar No. 18759
Baltazar Salazar
Tx. Bar No. 24106385
S.D. Tex. Bar No. 3135288
ATLAS HALL RODRIGUEZ
818 W Pecan Blvd
McAllen, TX 78501
Telephone: (956) 574-9333
mrodriguez@atlashall.com
ssalazar@atlashall.com

Counsel for Space Exploration Technologies Corp.