# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JAZMIN AGUILAR, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:26-cv-485 |
| | § | |
| SPACE EXPLORATION TECH. CORP., | § | |
| Defendant. | § | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**
**SPACE EXPLORATION TECHNOLOGIES CORPORATION**

Plaintiffs hereby serve their First Set of Interrogatories under Fed. R. Civ. P. 33 to Defendant Space Exploration Technologies Corporation.

**DEFINITIONS**

For the purpose of these Interrogatories, the following definitions shall apply, without regard to capitalization:

1. **"Acoustic Impacts"** means acoustic energy, continuous noise, vibrations, or impulsive noise including without limitation sonic boom air overpressure events generated by Defendant's Starship operations at Starbase.

2. "**All**" includes the collective as well as the singular and shall mean each, any, and every.

3. "**Any**" means one or more.

4. "**Communication**" means, without limitation, the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information and includes,

without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, exchanges of recorded information, and postings of any type. The term "Communication" includes instances where one party disseminates information that the other party receives but does not respond to.

5. "**Concerning**" means, without limitation, relating to, referring to, describing, evidencing, or constituting.

6. "**Defendant**," "**You**," and "**Your**" refer to Defendant Space Exploration Technologies, Corp. and all of its divisions, as well as successors, predecessors, current or former officers, directors, assigns, agents, attorneys, subsidiaries, employees, contractors, representatives, or any other person acting or purporting to act on its behalf.

7. "**Document**" or "**Documents**" mean all materials within the full scope of Fed. R. Civ. P. 34, including, but not limited to: all writings and recordings, including the originals, drafts, and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including, but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra-office Communications, instant messages, chats, offers, notations of

any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, versions, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

8. "**Electronically Stored Information**," abbreviated as "ESI" has the same meaning and scope as it has in the Federal Rules of Civil Procedure.

9. "**Employee**" or "**Employees**" mean, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, independent contractor, agent, or other person who is or was employed or hired by Defendants.

10. **"FAA"** means the Federal Aviation Administration and includes any office, committee, subcommittee, advisory committee, and any agent, employee, or other individual acting as a representative of FAA.

11. "**Litigation**" means the above captioned matter.

12. "**Or**" and "**and**" should be construed to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should

produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as and/or.

13. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

14. **"Starbase"** means all property owned, leased, improved, or controlled by Defendant in Cameron County, Texas, in the municipality of Starbase (including areas formerly known as Boca Chica Village), including without limitation Defendant's Corporate Headquarters (1 Rocket Road, Starbase, TX 78521), Launch Site/Control Center (54298 Boca Chica Blvd, Starbase, TX 78521), Starfactory Manufacturing Site (52198 San Martin Blvd, Starbase, TX 78521), and satellite locations such as Massey's Test Site (1 Massey Way, Starbase, TX 78521).

**INSTRUCTIONS**

For the purpose of these Interrogatories, the following instructions shall apply:

1. All answers are to be furnished in writing and under oath within thirty (30) days of the date of service of these Interrogatories.

2. Each Interrogatory shall be answered fully based upon your entire knowledge from all sources and all information in your possession or otherwise available, including

information from your officers, directors, employees, agents, representatives, attorneys, investigators, or consultants, and information that is known by each of them. An incomplete or evasive answer is a failure to answer.

3. Each Interrogatory is considered continuing, and if you obtain information that renders your response to one of them incomplete or inaccurate, you are obligated to serve amended answers on the undersigned.

4. If any Interrogatory may be answered fully by a Document, the Document may be attached in lieu of an answer if the Document is marked to refer to the Interrogatory to which it responds.

5. If You object to any of these Interrogatories, or any definition or instruction incorporated herein, state the reasons for Your objection with specificity and answer the Interrogatory to the extent it is not objectionable. If You file a timely objection to any portion of an Interrogatory, definition, or instruction, respond to the remaining portion.

6. If You refuse to answer an Interrogatory, in whole or part, for any reason, including, but not limited to any claim of privilege, clearly describe the asserted privilege or other grounds for refusing to answer with respect to the Interrogatory. If any form of privilege, whether based on statute or otherwise, is claimed as a ground for not responding to an Interrogatory, or any part thereof, set forth in complete detail each and every fact, and the legal basis upon which the privilege is asserted, including sufficient

facts for the Court to make a full determination as to whether the claim of privilege is valid.

7. Identifying a person. When an Interrogatory asks You to "identify" a person, provide the information listed below, to the extent known, with respect to the person. Once a person has been identified in compliance with this paragraph, only the name of that person needs to be listed in response to later discovery requesting the identification of the person.

a. The person's full name;
b. Present or last known address;
c. Telephone number; and
d. The present, or last known place of employment and job title when referring to a natural person.

8. Identifying a Document. When an Interrogatory asks You to "identify" a Document, provide the information listed below, to the extent known, with respect to the Document. Once a Document has been identified in compliance with this paragraph, only the title or other abbreviated, clear identifier of the Document needs to be listed in response to later discovery requesting the identification of the Document.

a. The type of Document;
b. The general subject matter of the Document;
c. The date of the Document;
d. The names and addresses of the authors and recipients of the Document;
e. The location of the Document;
f. The identity of the person who has possession or control of the Document; and
g. Whether the Document has been destroyed, and if so (i) the date of its destruction, (ii) the reason for its destruction, (iii) the identity of the persons who destroyed it, and (iv) any retention policy directing its destruction.

9. Identifying a tangible thing. When an Interrogatory asks you to "identify" a tangible thing, provide the information listed below, to the extent known, with respect to the tangible thing.

a. The type of tangible thing;
b. The general description of the tangible thing;
c. The date of creation of the tangible thing;
d. The location of the tangible thing
e. The identity of the person who has custody of the tangible thing; and
f. Whether the tangible thing has been destroyed, and if so, (i) the date of its destruction, (ii) the reason for its destruction, (iii) the identity of the person who destroyed it, and (iv) any retention policy directing its destruction.

10. The Relevant period for each Interrogatory is January 1, 2018, through the present (the "Relevant Period"), unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared or published outside of the Relevant Period. If information prepared before the Relevant Period is necessary for a correct or complete understanding of any answer covered by an Interrogatory, You must include that information for the earlier or subsequent periods as well.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the Employee(s), along with their job title, who responded, or otherwise provided information for the purposes of responding to these Interrogatories

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify all persons who substantially participated in the decision to dedicate the Starbase facility to the Starship program and identify any Acoustic Impacts or property-damage assessment evaluated in connection with that decision.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify each predictive computer model You used to estimate Acoustic Impacts from Starship operations, including RNoise and PCBoom. For each such model, identify the persons who substantially participated in selecting, operating, calibrating, validating, or using the model to establish or apply structural safety or damage thresholds.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify each investigation You conducted concerning the cause of the damage to the launch pad during the April 20, 2023 Starship test flight, including the date of the investigation and the identities of the persons who conducted it.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify all Documents and Communications that evaluate or establish the decision to attempt Starship or Super Heavy Return to Launch Site (RTLS) recoveries at Starbase for Flights 5, 7, and 8, and identify the persons who approved those mission profiles.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify every formal or informal claim, complaint, or communication received by You (including those sent to insurance@spacex.com) from any third party alleging structural property damage caused by Starship operations at Starbase, specifying the date of the claim, the property address, and whether You accepted liability, denied liability, or otherwise resolved the claim or complaint.

**RESPONSE:**

**INTERROGATORY NO. 7:** Do You contend that the continuous acoustic energy ($L_{max}$) generated during Starship operations at Starbase never exceeded 111 dB at any of Plaintiffs' properties at issue in this Litigation? If Your answer is anything other than an unqualified *no*, identify all factual bases for Your contention, including the identification of all acoustic measurements, data, or modeling on which You rely.

**RESPONSE:**

**INTERROGATORY NO. 8:** Do You contend that the impulsive sonic boom overpressures generated during Starship operations at Starbase never exceeded 6 psf at any of Plaintiffs' properties at issue in this Litigation? If Your answer is anything other than an unqualified *no*, identify all factual bases for Your contention, including the identification of all acoustic measurements, data, or modeling upon which You rely.

**RESPONSE:**

**INTERROGATORY NO. 9:** Identify the engineering reports, risk assessments, and Communications sent to or from SpaceX executive management or the FAA, created before April 20, 2023 that discuss, analyze, or evaluate any limitations, lack of empirical data, or potential inaccuracies in Your predictive acoustic modeling regarding the acoustic energy or sonic boom overpressures generated by Starship operations.

**RESPONSE:**

**<u>INTERROGATORY NO. 10:</u>** Identify by number or title which of the sixty-three corrective actions mandated by the FAA following the April 20, 2023 Starship test flight that mitigated, monitored, or addressed Acoustic Impacts or the risk of structural damage to third-party properties, and for each identified action, identify the principal compliance reports or certifications submitted to the FAA evidencing its implementation, as well as the persons primarily responsible for overseeing such implementation.

**<u>RESPONSE:</u>**

**<u>INTERROGATORY NO. 11:</u>** Do You contend that the water deluge system (or any other acoustic suppression system) constructed at Starbase reduced Acoustic Impacts at any of Plaintiffs' properties at issue in this Litigation compared to operations conducted without the system? If Your answer is anything other than an unqualified *no*, identify all factual bases for Your contention, including the identification of all acoustic measurements, comparative data, or engineering modeling on which You rely.

**<u>RESPONSE:</u>**

**<u>INTERROGATORY NO. 12:</u>** Identify the persons who authorized the decision to remove or omit the 111 dB ($L_{max}$) threshold and Table B-1 from Your August 2024 revised

Noise Assessment, and identify the principal Documents, internal Communications, or scientific studies relied on to justify that decision.

**RESPONSE:**

**INTERROGATORY NO. 13:** Identify the maximum continuous acoustic levels (measured in $L_{max}$) and the peak impulsive sonic boom overpressures (measured in psf or unweighted dB) recorded by You, or by any third-party monitoring on Your behalf, within the municipal boundaries of Port Isabel, South Padre Island, Laguna Vista, or Laguna Heights, or within a 12-mile radius of Starbase at any location within one mile of any of Plaintiffs' properties at issue in this Litigation during all Starship Flights to date. For each measurement identified, specify the exact location and placement of the sensor used to capture that measurement by providing its GPS coordinates or street address, the type of sensor, and the sensor's configuration used to capture the measurement.

**RESPONSE:**

**INTERROGATORY NO. 14:** Identify all instances of physical or structural damage (including but not limited to shattered windows, cracked masonry, or structural displacement) sustained by any SpaceX-owned or leased facilities, employee vehicles, or contractor properties located at or around Starbase (excluding the Launch Pad) resulting from Acoustic Impacts generated during Starship operations. For each instance

identified, identify the principal Documents (such as incident reports, work orders, or invoices) reflecting the damage and any subsequent repairs or reinforcements made to those structures.

**RESPONSE:**

**INTERROGATORY NO. 15:** Identify all persons who were primarily responsible for or substantially participated in the creation, calculation, review, or final approval of the predictive acoustic modeling, noise contours, and sonic boom overpressure estimates submitted to the FAA in Your 2021 Noise Assessment and Your August 2024 revised Noise Assessment. For each person identified, specify their specific role in the preparation of those assessments.

**RESPONSE:**

**INTERROGATORY NO. 16:** Identify the principal formal risk assessments, underwriting evaluations, or substantive Communications between You and Your insurance carriers, brokers, or underwriters regarding the specific risk of structural property damage or Acoustic Impacts to third-party residential properties in residential areas surrounding Starbase including without limitation Port Isabel, South Padre Island, Laguna Vista, and Laguna Heights.

**RESPONSE:**

Dated: July 24, 2026

Respectfully submitted,

**MARTINEZ & TIJERINA P.L.L.C**

/s/ Benigno Martinez
Benigno (Trey) Martinez (D. Tex. 23945)
1201 E. Van Buren
Brownsville, Texas 78520
Telephone: (956) 550-4868
State Bar No. 00797011
trey@mbmtlawfirm.com

Richard M. Paul III (*pro hac vice* forthcoming)
Ashlea G. Schwarz (*pro hac vice* forthcoming)
Laurence O'Donnell (*phv* forthcoming)
**PAUL LLP**
601 Broadway Boulevard, Suite 600
Kansas City, Missouri 64105
Telephone: (816) 984-8100
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Laurence@PaulLLP.com

**GUERRA LLP**

/s/ Francisco Guerra IV
Francisco "Frank" Guerra IV (Tex. Bar No. 00796684)
Jennifer A. Neal (Tex. Bar No. 2408934)
Bailey E. VanNatta (Tex. Bar No. 24119113)
875 E. Ashby Place, Suite 1200
San Antonio, Texas 78212
Telephone: (210) 447-0500
fguerra@guerrallp.com
jneal@guerrallp.com
bvannatta@guerrallp.com

Cristobal M. Galindo (Tex. Bar No. 24026128)
**Cristobal M. Galindo, PC**
4151 Southeast Freeway #602
Houston, Texas 77027
cmg@galindolaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record on this the 24th day of July 2026, as follows:

**GIBSON, DUNN & CRUTCHER LLP** *Via Email Service*
811 Main Street, Suite 3000
Houston, Texas 77002
JOHN T. COX III
Phone: 346-718-6604
Fax: 346-718-6941
tcox@gibsondunn.com

/s/ Francisco Guerra, IV.
Francisco Guerra, IV.